IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**EVANS IHENACHOR,**
 *Plaintiff*,
 v.
**MOORE,** *et al.,*
 *Defendants*.

Case No. 1:23-CV-00455-JRR

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

*Pro se* Plaintiff Evans Ihenachor filed this action against Defendants Wes Moore in his official capacity as the Governor of the State of Maryland, Anthony G. Brown in his official capacity as the Attorney General of the State of Maryland, and the State of Maryland ("Defendants"). The Complaint seeks declaratory relief, preliminary and permanent injunctive relief, and monetary damages on the basis that Defendants violated Plaintiff's due process and equal protection rights.

Pending before the court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 2; "the Motion.") Plaintiff asks the court to enjoin Defendants from enforcing the child custody order issued by the Circuit Court for Queen Anne's County on December 17, 2015. (ECF No. 2, p. 1.) Additionally, Plaintiff asks the court to enjoin Defendants from initiating any custody proceeding involving Plaintiff until this court issues a final judgment in this action. (ECF No. 2, p. 1.) The court has reviewed Plaintiff's Complaint and the Motion. No hearing is necessary. Local Rule 105. (D. Md. 2021).

**LEGAL STANDARD**

"It is well established that a Court has broad inherent power to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith, and may exercise its discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that a plaintiff lacks standing, that subject matter jurisdiction does not exist[], or that a case fails to state a claim." *Ferebee v. Atty. Jeanett P. Henry, LLC*, No. PWG-17-1397, 2017 U.S. Dist. LEXIS 100809, at *2 (D. Md. June 28, 2017) (citing *Mallard v. United States Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307-308 (1989)).

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Subject matter jurisdiction involves a court's power to hear a case; it may not be forfeited or waived. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). "A court may consider subject matter jurisdiction *sua sponte* as part of its initial review of the Complaint." *Ferebee*, 2017 U.S. Dist. LEXIS 100809, at *2; *see Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (explaining that the determination of "subject matter jurisdiction at the outset of the litigation is often the most efficient procedure").

**ANALYSIS**

**I.    *Rooker-Feldman* Doctrine**

All of the harm alleged by Plaintiff stems from his state court custody case, and therefore, Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars a federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). "Under the *Rooker-Feldman* doctrine, lower federal

2

courts may not consider either 'issues actually presented to and decided by a state court' or 'constitutional claims that are inextricably intertwined with questions ruled upon by a state court.'" *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 195 (4th Cir. 2002) (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)). "A federal claim is 'inextricably intertwined' with a state court decision if success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 857-58 (4th Cir. 2001). "[T]he key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.'" *Willner v. Frey,* 243 F. App'x 744, 747 (4th Cir. 2007) (quoting *Davani v. Va. DOT*, 434 F.3d 712, 718 (4th Cir. 2006)). "Thus, 'if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual, *Rooker-Feldman* is implicated.'" *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (quoting *Jordahl v. Democratic Party*, 122 F.3d 192, 202 (4th Cir. 1997)).

As stated above, all of the harm alleged by Plaintiff stems from the entry of the child custody and support order. (ECF No. 1.) Specifically, Plaintiff alleges:

> The State of Maryland and its officers have wielded immense power in enforcing the Custody and Child which have culminated in a sustained and persistent pattern of intimidation, terror and extortion against Plaintiff culminating in an illegal arrest and detainment.
>
> The State Court found that Plaintiff's right as a parent, an activity protected by the Fourteenth Amendment, had been violated and was duty bound to apply remedies but failed to do so on account of Plaintiff's gender.
>
> The actions of the State Court discriminated and continue to discriminate against Plaintiff on account of the fact that he is not the mother.

> The State of Maryland and its officers and agents had the duty to enter custody orders that are consistent with all Federal and State Laws but failed to do so on account of Plaintiff's gender.

(ECF No. 1 ¶¶ 22, 34, 40, 42.)

The success of Plaintiff's claims depends upon a determination that the state court wrongly decided the issues of custody; therefore, Plaintiff's constitutional claims are "inextricably intertwined" with the issues that were before the state court. Indeed, the relief requested in Plaintiff's Motion and Complaint—emergency preliminary, and permanent injunctive relief barring enforcement of the custody order as well as future custody proceedings—demonstrates that Plaintiff's Complaint is squarely barred by the *Rooker-Feldman* doctrine. Accordingly, this court lacks subject matter jurisdiction over Plaintiff's claims.

## II.    Eleventh Amendment Immunity

Even if this action were not barred by application of the *Rooker-Feldman* doctrine, Defendants are entitled to Eleventh Amendment immunity. The court may consider the issue of Eleventh Amendment immunity *sua sponte* and at any time. *Saurez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997).

The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Under the Eleventh Amendment, States generally enjoy immunity from suit unless a state waives its immunity, or the immunity is abrogated by Congress. *See Bd. of Tres. v. Garrett*, 531 U.S. 356, 363-64 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. We have recognized, however, that Congress may abrogate the States' Eleventh Amendment immunity when it both

unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority.") (Internal citations omitted). "[F]or purposes of the Eleventh Amendment, a state official acting in his official capacity is protected from a damages action by the same immunity." *Ballenger v. Owens*, 352 F.3d 842, 844-45 (4th Cir.2003) (citations omitted).

All of Defendants are either State entities or officials sued in their official capacities. Therefore, the suit is against the State of Maryland. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)) (explaining that "a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office"). The State of Maryland has not waived its sovereign immunity. Accordingly, sovereign immunity bars Plaintiff's claims.

Plaintiff also has not sufficiently pled a claim for prospective relief. In *Ex parte Young,* 209 U.S. 123 (1908), the Supreme Court established a narrow exception to a state official's Eleventh Amendment immunity to suit in federal court. Under the *Ex parte Young* doctrine, "the Eleventh Amendment does not preclude private individuals from bringing suit against State officials for prospective injunctive or declaratory relief designed to remedy ongoing violations of federal law." *Bragg v. W. Va. Coal Ass'n*, 248 F.3d 275, 292 (4th Cir. 2000). The *Ex parte Young* doctrine provides that "a federal court has jurisdiction over a suit against a state officer to enjoin official actions that violate federal law, even if the State itself is immune from suit under the Eleventh Amendment." *Idaho v. Coeur D'Alene Tribe,* 521 U.S. 261, 288 (1997). "The exception is limited to claims against a state official and thus would be unavailable in a claim against the State of Maryland itself." *Sikes v. Ward*, No. TDC-16-4108, 2017 U.S. Dist. LEXIS 201405, at *14 (D. Md. Dec. 6, 2017).

While Plaintiff repeatedly makes conclusory allegations that the state court's actions "continue to violate" Plaintiff's rights, he has not pled any facts sufficient to reasonably infer that Governor Wes Moore or Attorney General Anthony Brown engage in ongoing violations of federal law. Accordingly, there is no valid exception to the Eleventh Amendment and the case must be dismissed.[1]

## CONCLUSION

For the reasons set forth herein, by separate order, the court dismisses Plaintiff's Complaint at ECF No. 1, and respectfully directs Madam Clerk to close this case.

/S/

_____
Julie R. Rubin
United States District Judge

March 3, 2023

---

[1] The court also notes that Plaintiff previously filed two similar actions involving this custody order against the State of Maryland in *Ihenachor v. Price*, No. ELH-18-3342, 2019 U.S. Dist. LEXIS 54726 (D. Md. Mar. 28, 2019) and *Ihenachor v. State of Maryland, et al.*, No. RDB-17-3134, 2018 U.S. Dist. LEXIS 66048 (D. Md. Apr. 18, 2018). In *Ihenachor v. State of Maryland, et al.*, the court dismissed Plaintiff's complaint for lack of subject matter jurisdiction. In *Ihenachor v. Price*, the court dismissed Plaintiff's complaint because the defendants were entitled to immunity. To extent that Plaintiff now raises the same claims against the State of Maryland, those claims are barred by the doctrine of *res judicata*. *See Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (explaining that "[u]nder the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action'") (quoting *Federated Dep't Stores, Inc. v. Moities*, 452 U.S. 394, 398 (1981)). A court may raise *res judicata sua sponte* if it "is on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (2000).